CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ELIZABETH D. KURLAN (CABN 255869)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: 415-436-7298
    Facsimile: 415-436-6748
    elizabeth.kurlan@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XINYAO ZHOU, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et. al.*, <br><br> Defendants. | No. 5:25-CV-04625-NC <br><br> **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> The Honorable Nathanael M. Cousins |

    Defendants United States Citizenship and Immigration Services ("USCIS"); Jospeh B. Edlow, Director of USCIS[1]; Kristi Noem, Secretary, Department of Homeland Security; and Pam Bondi, Attorney General of the United States ("Defendants"), hereby answer Plaintiff Xinyao Zhou's complaint (Dkt. No. 10). Defendants expressly deny the allegations in the complaint that are not specifically admitted or otherwise qualified in this answer. To the extent the complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response. However, Defendants' references are not intended to be, and should

---

[1] Joseph B. Edlow, Director of USCIS, is automatically substituted as a defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

DEFENDANTS' ANSWER
5:25-CV-04625-NC                              1

not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the numbered and un-numbered paragraphs in the Complaint as follows:

## PRELIMINARY STATEMENT[2]

1. Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

## INTRODUCTION

3. Paragraph 3 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

4. Paragraph 4 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Paragraph 10 consists of Plaintiff's characterization regarding the decision received, which was issued using the standard process when such decisions are issued. If the Court requires a response, Defendant denies the allegations.

11. Defendants deny Plaintiff's characterization of Defendants' action as unlawful. Defendants admit the remaining allegations in Paragraph 11.

## JURISDICTION

---

[2] Defendants have included the headings listed in the complaint to assist in reading the pleadings and do not admit the accuracy or appropriateness of the headings.

12. Paragraph 12 consists of Plaintiff's legal conclusions about jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants deny.

13. Paragraph 13 consists of Plaintiff's legal conclusions about jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants deny.

14. Paragraph 14 consists of Plaintiff's legal conclusions about jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants deny.

15. Paragraph 15 consists of Plaintiff's legal conclusions about jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants deny.

## VENUE

16. Defendants deny the allegations in Paragraph 16.

## PARTIES

17. Defendants lack sufficient information to admit or deny the allegations in Paragraph 17 and, on that basis, deny the allegations. The second sentence of Paragraph 17 consists of Plaintiff's characterization of the case, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

18. Defendants admit the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22 and further aver that Joseph Edlow is the director of USCIS.

## STATUTORY AND REGULATORY FRAMEWORK

23. Paragraph 23 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal

authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

24. Paragraph 24 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

25. Paragraph 25 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

26. Paragraph 26 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

27. Paragraph 27 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

28. Paragraph 28 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

29. Paragraph 29 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal

authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

    30.    Paragraph 30 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

    31.    Paragraph 31 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

    32.    The first sentence of Paragraph 32 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants deny the second sentence of Paragraph 32.

    33.    Defendants admit the first sentence Paragraph 32 the regulatory language but deny the characterization of what such language implies.

    34.    Paragraph 34 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

    35.    Paragraph 35 consists of citations to legal authorities, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the cited legal authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

## STATEMENT OF FACTS

36. Defendants admit the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit in Paragraph 38 that Plaintiff transferred funds to the new commercial enterprise but deny any characterization that such a transfer met the definition of investing the requisite amount under EB-5 eligibility.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants deny the allegation in Paragraph 40 that the response addressed the agency's concerns.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit that Plaintiff timely filed a motion to reopen, which was denied on May 11, 2021. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants deny in Paragraph 45 Plaintiff's characterization of the AAO's decision.

46. Defendants admit in Paragraph 46 that a motion to reconsider was filed and subsequently dismissed but deny Plaintiff's characterization of the dismissal.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 47 and therefore deny.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit the quoted language in Paragraph 51 comes from agency materials but deny Plaintiff's characterization of what such language means.

52. Defendants admit the quoted language in Paragraph 52 comes from agency materials but deny Plaintiff's characterization of what such language means.

53. Defendants admit the allegations in Paragraph 53.

54. Defendants admit the allegations in Paragraph 54.

55. Defendants admit the quoted language in Paragraph 56 comes from agency materials but deny Plaintiff's characterization of what such language means.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 60 and therefore deny.

61. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 64 and therefore deny.

62. Defendants admit the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63 and further aver that USCIS properly adjudicated Plaintiff's petition.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 64 and therefore deny.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants admit the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

## STANDARD OF REVIEW

68. Defendants admit the allegations in Paragraph 68.

DEFENDANTS' ANSWER
5:25-CV-04625-NC                                    7

69. Defendants admit the allegations in Paragraph 69.

70. Defendants admit the first sentence of Paragraph 70. Defendants deny the remaining allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

## CAUSES OF ACTION

### Count 1: Violation of the Administrative Procedure Act

### (Agency Action Contrary to Law and in Excess of Statutory Authority)

73. Defendants incorporate by reference the responses to Paragraphs 1 through 72.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny in Paragraph 75 any implication that the definition of capital invalidates the regulatory requirement to identify funds of non-investors that are invested in the new commercial enterprise.

76. Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 77.

78. Paragraph 78 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 78.

79. Paragraph 79 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 79.

80. Paragraph 80 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 80.

81. Paragraph 81 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 81.

82. Paragraph 82 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 82.

83. Paragraph 83 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 83.

84. Paragraph 84 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

## Count 2: Violation of the Administrative Procedure Act

### (Arbitrary and Capricious Agency Action)

86. Defendants incorporate by reference the responses to Paragraphs 1 through 85.

87. Defendants deny the allegations in Paragraph 87.

88. Paragraph 88 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Paragraph 91 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 91.

92. Defendants deny Paragraph 92.

93. Paragraph 93 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 93.

## Count III: Violation of the Fifth Amendment

### (Due Process)

94. Defendants incorporate by reference the responses to Paragraphs 1 through 93.

95. Defendants admit the allegations in Paragraph 95.

96. Paragraph 96 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 96.

97. Paragraph 97 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 97.

98. Paragraph 98 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 98.

99. Paragraph 99 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 99.

### Count IV: Violation of the Fifth Amendment

### (Equal Protection)

100. Defendants incorporate by reference the responses to Paragraphs 1 through 99.

101. Paragraph 101 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 101.

102. Paragraph 102 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 102.

103. Paragraph 103 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 103.

104. Paragraph 104 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 104.

105. Paragraph 105 consists of Plaintiff's legal conclusions, which does not require a response. If a response is required, Defendants deny Paragraph 105.

### Claim V: Equitable Relief

### (Remedy for Administrative Delay and Prejudice)

106. Defendants incorporate by reference the responses to Paragraphs 1 through 105.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 108 and therefore deny.

109. Defendants deny Paragraph 109 in that the petition was properly adjudicated.

110. Defendants admit the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113

## PRAYER FOR RELIEF

The remaining paragraphs following "WHEREFORE" constitute Plaintiff's prayer for relief, to which no response is required. To the extent any further response is required, Defendants deny that Plaintiff is entitled to the relief sought in Plaintiff's Prayer for Relief, including subparagraphs (1) through (10), or to any relief whatsoever.

Defendants deny each allegation not previously admitted or otherwise qualified.

## DEFENSES

In further answer to Plaintiff's complaint and as separate affirmative defenses, Defendant states as follows:

1. Plaintiff's complaint and each cause of action therein fails to state a claim upon which relief may be granted.

2. All actions taken by Defendant were grounded in good faith and are not in violation of any federal law or the United States Constitution.

3. Although Defendant does not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendant raises the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendant become aware of facts that support

those defenses, including but not limited to: estoppel, res judicata, waiver, statute of limitations and fraud.

    4.    Defendants reserve the right to amend this answer as necessary.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiff takes nothing by the complaint;
2. The complaint be dismissed with prejudice;
3. Judgment be entered in favor of Defendants; and
4. The Court award such other and further relief, as it may deem proper.

DATED: September 29, 2025    Respectfully submitted,

    CRAIG H. MISSAKIAN
    United States Attorney

    */s/ Elizabeth D. Kurlan*
    ELIZABETH D. KURLAN
    Assistant United States Attorney

    Attorneys for Defendants