CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    kelsey.helland@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XINYAO ZHOU,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>    Defendants. | CASE NO. 5:25-CV-4625-NC<br><br>**JOINT RESPONSE RE: CERTIFIED ADMINISTRATIVE RECORD AND REQUEST FOR CLARIFICATION**<br><br>The Hon. Nathanael M. Cousins |

The parties respectfully submit this joint response to the Court's Orders Granting Request To File Under Seal and Extending Time To File Certified Administrative Record And Sealed Portions (Dkt. 38 & 39), and request for clarification regarding the Court's expectations from the parties.

For context:  On March 31, 2026, the Court entered an Order Requesting Certified Administrative Record For The Court's Review, so that the Court could examine the portions of the Certified Administrative Record ("CAR") cited by the parties in support of their cross-motions for summary judgment.  *See* Dkt. 30.  In that Order, the Court directed the parties to "upload the CAR to ECF by April 14, 2026."  *Id.*

On April 13, Plaintiff filed an unopposed administrative motion to file the following portions of the CAR under seal: pages 8-19, 247-1274, and 1281-1343.  *See* Dkt. 31.  Plaintiff attached the conditionally sealed material to her administrative motion pursuant to Civil Local Rule 79-5(d).  *See* Dkt. 31-3 to 31-7.  Meanwhile, pursuant to the parties' agreement pending the Court's decision on the sealing motion, Defendants filed on April 14 the remainder of the CAR on the public docket, using slipsheets to replace the conditionally sealed pages.  *See* Dkt. 34 to 34-11.

On May 5, the Court granted Plaintiff's administrative motion to file portions of the CAR under seal.  *See* Dkt. 38.  The Court ordered that, "[b]y May 19, 2026, Plaintiff must file CAR pages eight through nineteen, 247 through 1274, and 1281 through 1343 under seal and Defendant must file the CAR and Supplemental CAR with slipsheets replacing those sealed pages."  *Id.* at 2.  Following this Order, the parties met and conferred, and both sides agreed that they believed they had already complied with the Court's Order by Defendants' filing the public version of the CAR at Dkt. 34, and by Plaintiff's attachment to her administrative motion of the material to be sealed at Dkt. 31.  Nevertheless, on May 5 (the same date as the Order), Plaintiff sent an email to the Courtroom Deputy explaining that the parties had already filed the materials as directed by the Court's Order, and requesting clarification whether the existing filings were sufficient or if the Court was expecting them to be re-filed.  The parties did not receive a response.

On May 21, the Court entered its Order Extending Time, noting that the parties had not filed the CAR after its prior Order granting Plaintiff's motion to seal.  *See* Dkt. 39.  The Court "extend[ed] the time for the parties to file the [CAR] to June 4, 2026."  *Id.*

JOINT RESP. RE: CAR
CASE NO. 5:25-CV-4625-NC                                    1

The parties jointly apologize for having not filed anything following the Court's Order granting Plaintiff's motion to seal. As set forth above, the parties believed they had already complied with that Order by filing the materials publicly and under seal consistent with that Order at Dkt. 31-3 to 31-7 and Dkt. 34-1 to 34-11. Furthermore, since the parties did not receive a response to their email inquiry about whether their prior filings were sufficient, the parties assumed that the Court had accepted those prior filings. The parties wish to assure the Court that they were not ignoring the Court's Order, but merely believed that they had already complied.

In the interest of clarify, the parties respectfully request that the Court advise whether the Court requires any further action from the parties on this issue. Again, the parties believe that they have already filed the materials as directed by the Court. *See* Dkt. 31, 34. If the Court believes that the previously filed materials do not comply with its Order, the parties respectfully request guidance on what needs to be changed, to ensure they can promptly submit those materials to the Court.

DATED: May 22, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Kelsey J. Helland*[1]
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendants


/s/Xinyao Zhou
XINYAO ZHOU
Plaintiff in pro per

---

[1] In accordance with Civil Local Rule 5-1(i)(3), the filer of this document attests that all signatories listed herein concur in the filing of this document.